FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

2009 NOV 23  A 9:31

CLERK US DISTRICT COURT
RICHMOND, VIRGINIA

| | |
|---|---|
| SAREGAMA INDIA, LTD.<br>A Corporation Incorporated in the Country<br>of India,<br><br>    Plaintiff<br><br>v.<br><br>DISHANT.COM, LLC<br>A Virginia Limited Liability Company<br><br>    <u>Serve:</u><br>    Sherry A. Fox, Esq.<br>    Registered Agent<br>    100 Shockoe Slip, 3rd Floor<br>    Richmond, VA 23219<br><br>And<br><br>Dishant G. Shah, Individually,<br><br>    <u>Serve:</u><br>    Dishant G. Shah<br>    8717 Beacontree Lane<br>    Henrico, VA 23294<br><br>And<br><br>Meeta Shah, Individually<br><br>    <u>Serve:</u><br>    Meeta Shah<br>    8717 Beacontree Lane<br>    Henrico, VA 23294<br><br>    Defendants. | Civil Action No. 3:09CV739(REP) |

## COMPLAINT

The Plaintiff, by counsel, in support of its claim of copyright infringement claims,

pursuant to 17 U.S.C.S. § 501 et seq., and its Lanham Act claim, pursunat to 15 U.S.C. §1114 *et seq.*, states as follows:

## PARTIES

1. The Plaintiff, Saregama India, Ltd. ("Saregama") is a corporation incorporated in the country of India with its principal place of business in India and with an office within the United States at 37 Meridian Road, Suite E, Edison, New Jersey 08820.

2. Saregama (formerly known as the Gramophone Company of India, Ltd.) is one of the largest and most respected music recording companies in India owning nearly fifty (50%) percent of the musical compositions that have ever been recorded on the subcontinent.

3. Upon information and belief, defendant Dishant.com LLC ("Dishant"), since approximately March 10, 2007, has been the operator of the internet website www.dishant.com (the "Dishant" website). Dishant is a limited liability company formed and/or existing under the laws of the Commonwealth of Virginia. Dishant lists with the Virginia State Corporation Commission the following address as its "Principal Office Address": 8717 Beacontree Lane, Apartment 1, Henrico, VA 23294.

4. The Dishant website permits, in part, those who register and obtain a username and password to download as "ring tones"; to play as streaming media, and to save for future play as streaming media in "My Jukebox", sound recordings from an extensive selection of music originating from the Indian subcontinent. Saregama owns the copyrights in the underlying compositions and sound recordings in approximately twenty-five (25%) percent of the music available on the Dishant website.

5. Upon information and belief, defendant, Dishant G. Shah ("D.Shah"), resides at 8717 Beacontree Lane, Apartment 1, Henrico, VA 23294.

6. Upon information and belief, since at least prior to March 20, 2007, D.Shah, was the operator, either solely or with others, of the Dishant website.

7. Upon information and belief, since the formation of Dishant, D. Shah has been employed at, is an officer, director and member of, owns and personally directs and supervises the operation of and personally derives economic benefit from the business of Dishant and the Dishant website.

8. Upon information and belief, D. Shah determines, authorizes and directs the activities of Dishant and the Dishant website including, without limitation, the activities infringing Saregama's copyrights, as alleged herein, including the downloading as ring tones and interactive streaming of Saregama's songs.

9. Upon information and belief, D. Shah is the alter ego of Dishant and personally conceived and created the Dishant website and personally determined to offer, and selected and created the programming and platform within which to make available the distribution, infringing copies of Saregama's work for downloading as ring tones and interactive streaming through the Dishant website.

10. Upon information and belief, defendant, Meeta Shah ("M.Shah"), resides at 8717 Beacontree Lane, Apartment 1, Henrico, VA 23294.

11. Upon information and belief, since at least prior to March 20, 2007, M.Shah, was the operator, either solely or with others, of the Dishant website.

12. Upon information and belief, since the formation of Dishant, M. Shah has been employed at, is an officer, director and member of, owns and personally directs and supervises the operation of and personally derives economic benefit from the business of Dishant and the Dishant website.

13. Upon information and belief, M. Shah determines, authorizes and directs the activities of Dishant and the Dishant website including, without limitation, the activities infringing Saregama's copyrights, as alleged herein, including the downloading as ring tones and interactive streaming of Saregama's songs.

14. Upon information and belief, M. Shah is the alter ego of Dishant and personally conceived and created the Dishant website and personally determined to offer, and selected and created the programming and platform within which to make available the distribution, infringing copies of Saregama's work for downloading as ring tones and interactive streaming through the Dishant website. (Dishant, D. Shah, M. Shah are collectively referred to hereinafter as the "Dishant Defendants".)

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over the copyright infringement claim and the Lanham Act claim pursuant to 28 U.S.C. § 1338(a).

16. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the parties are citizens of different states, and the amount in dispute exceeds $75,000.

17. Venue is proper under 28 U.S.C. §1400(a) as the Defendants have committed acts of infringement and contributory and vicarious infringement via an Internet-based enterprise doing business within the Commonwealth of Virginia.

18. Venue is proper as Defendants advertise and purposefully sell and distribute the Infringements in Virginia.

## COUNT ONE: COPYRIGHT INFRINGEMENT
## AGAINST THE DISHANT DEFENDANTS

19. The foregoing allegations are incorporated by reference.

20. Annexed hereto as Exhibit A is a list setting forth, *inter alia*, the titles of Albums

embodying the master recordings of songs owned by Saregama. Saregama has registered the sound recordings of each of the Albums, and the songs embodied thereon, on Exhibit A with the U.S. Copyright office and the SR registration number is set forth on Exhibit A. The Albums listed on Exhibit A are available on the Dishant website and represent a very small portion of the songs (the "Songs") in which Saregama owns the copyrights in the underlying compositions and sound recordings available on the Dishant website.

21. All of the Songs were authored by a foreign national or foreign nationals not resident in the United States and first published outside the United States.

22. Through their conduct alleged hereunder, the Dishant Defendants have infringed and/or have caused the infringement of Saregama's copyrights in and to the Songs in violation of §106, and pursuant to §501, of the Copyright Act, 17 U.S.C. §§106 and 501, and under the laws of the various countries in which the Dishant Defendants have made available the Songs for downloading as ring tones, interactive streaming and public performance.

23. Each infringement by Dishant Defendants of Saregama's copyrights in the Songs constitutes a separate and distinct act of infringement. Dishant Defendant's acts of infringement were willful, intentional, purposeful, in disregard and/or indifferent to the rights of plaintiff.

24. As a direct and proximate result of said infringements by the Dishant Defendants, plaintiff is entitled to damages in an amount to be proven at trial which plaintiff cannot presently ascertain or compute.

25. Plaintiff is also entitled to the Dishant Defendants' profits attributable to the infringements; pursuant to 17 U.S.C. §504 for each separate infringement. Plaintiff is entitled to an accounting of all gross proceeds received by the Dishant Defendants, directly or indirectly, from all uses of the Songs and request is hereby made that the Court order Defendants to render

such an accounting of, and a constructive trust for the benefit of plaintiff with respect to such profits.

26. Alternatively, plaintiff is entitled to statutory damages with respect to the Songs for which copyright registrations have been obtained, pursuant to 17 U.S.C. §504 (c), in the amount of $150,000.00 for each infringement from each Dishant Defendant, or such other amounts as may be proper under 17 U.S.C. §504(c).

27. Plaintiff is further entitled to an award of its attorney's fees and full costs in the commencement and prosecution of this action pursuant to 17 U.S.C. §505.

28. As a direct and proximate result of the foregoing acts and conduct, plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless the Dishant Defendants are enjoined and restrained by this Court, the Dishant Defendants will continue to infringe the copyrights in and to the Songs administered by plaintiff and available on the Dishant website. Such infringement will, among other irreparable harm and damages, cause Saregama irreparable harm by damaging its goodwill and reputation and by destroying the commercial market for the Songs causing Saregama to lose the benefits to which it is entitled and Saregama's extensive investment of time, effort and money in creating, purchasing and promoting such Songs. Plaintiff is therefore entitled to the issuance of preliminary and permanent injunctive relief as against the Dishant Defendants, and each of them, from engaging in their wrongful acts, as alleged herein.

WHEREFORE, plaintiff prays for judgment:

a) For a preliminary and permanent injunction, enjoining defendants and all persons acting in concert with them from:

    i) Copying, reproducing, making available for interactive streaming, performing, promoting, advertising and distributing any of the Songs, or Saregama's artwork,

or performing any material that is substantially similar to the Masters and Songs, and to deliver to the Court for destruction or other reasonable disposition all such material and means for producing same in defendants' possession or control; and

ii)    attempting, causing or assisting any of the above actions to occur.

b) For actual damages and defendants' profits in an amount in excess of $150,000 to be determined at trial.

c) For statutory damages pursuant to 17 U.S.C. §504 of $150,000 per infringement.

d) For an accounting of, and imposition of a constructive trust with respect to, defendants' proceeds and profits attributable to their infringements of Saregama's copyrights in and to the Masters, Songs and artwork.

e) For interest on the damages awarded Saregama.

f) For its reasonable attorney's fees and costs.

g) For such other and further relief as the Court deems just and proper.

### COUNT TWO: FOR VICARIOUS COPYRIGHT INFRINGEMENT OF COPYRIGHT AGAINST D. SHAH AND M. SHAH

29. The foregoing allegations are incorporated by reference.

30. Upon information and belief, at all times relevant, defendants, D. Shah and M. Shah, have failed to exercise adequate supervision and/or control over the activities of Dishant, and that as a direct and proximate cause of such failure, the Dishant Defendants have infringed Saregama's copyrights in the Songs administered by plaintiff as alleged above.

31. Upon information and belief, defendants, D. Shah and M. Shah, have derived direct and substantial financial benefit from the infringements of the copyrights in and to the Masters and Songs, by Dishant and its officers, employees, agents, and other persons acting on behalf of Dishant as alleged above, in that, among other things, some or all the profits that Dishant and its officers, employees, agents and other persons acting on behalf of Dishant derived from such

7

infringing conduct were conveyed to defendants, D. Shah and M. Shah.

32. Upon information and belief, the foregoing acts on the part of defendants, D. Shah and M. Shah, were willful, intentional and purposeful, in disregard of and indifferent to Saregama's copyrights in and to the Songs.

33. Saregama is also entitled to the Dishant Defendants' profits attributable to the infringements, pursuant to 17 U.S.C. §504, for each separate infringement. Plaintiff is entitled to an accounting of all gross proceeds received by the Dishant Defendants, directly or indirectly, from all uses of the Songs, and request is hereby made that the Court order the Dishant Defendants to render such an accounting of, and a constructive trust for the benefit of plaintiff with respect to, such profits.

34. In the alternative, Saregama is entitled to statutory damages with respect to the Masters for which copyright registrations have been obtained pursuant to 17 U.S.C. §504( c ), in the amount of $150,000.00 from each Dishant Defendant for each infringement of the Songs, or for such other amounts as may be proper under 17 U.S.C. §504( c ).

35. Saregama is further entitled to an award of its attorney's fees and full costs pursuant to 17 U.S.C. §505.

36. As a direct and proximate result of the foregoing acts and conduct, Saregama has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Unless Dishant Defendants are enjoined and restrained by this Court, Dishant Defendants will continue to infringe the copyrights in and to the Songs while remaining available on the Dishant website. Such infringement will, among other irreparable harm and damages, cause Saregama irreparable harm by damaging its goodwill and reputation and by destroying the commercial market for the Songs owned by Saregama, causing Saregama

to lose the benefits to which it is entitled based upon its ownership of the copyrights in the Songs and based upon Saregama's extensive investment of time, effort and money in creating, purchasing and promoting the Songs. Saregama is therefore entitled to the issuance of preliminary and permanent injunctive relief as against the Dishant Defendants, and each of them, from engaging in their wrongful acts, as alleged herein.

WHEREFORE, plaintiff prays for judgment:

a) For a preliminary and permanent injunction, enjoining defendants and all persons acting in concert with them from:

   i) Copying, reproducing, making available for interactive streaming, performing, promoting, advertising and distributing any of the Songs, or Saregama's artwork, or performing any material that is substantially similar to the Masters and Songs, and to deliver to the Court for destruction or other reasonable disposition all such material and means for producing same in defendants' possession or control; and

   ii) attempting, causing or assisting any of the above actions to occur.

b) For actual damages and defendants' profits in an amount in excess of $150,000 to be determined at trial.

c) For statutory damages pursuant to 17 U.S.C. §504 of $150,000 per infringement.

d) For an accounting of, and imposition of a constructive trust with respect to, defendants' proceeds and profits attributable to their infringements of Saregama's copyrights in and to the Masters, Songs and artwork.

e) For interest on the damages awarded Saregama.

f) For its reasonable attorney's fees and costs.

g) For such other and further relief as the Court deems just and proper.

**COUNT THREE: AGAINST THE DISHANT DEFENDANTS FOR VIOLATION OF SARAGAMA'S RIGHTS UNDER THE LANHAM ACT**

37. The foregoing allegations are incorporated by reference.

38. This cause of action arises under Section 43(a) of the Lanham Act, 15 U.S.C. §§1114, 1116 and 1125(a).

39. Saregama is engaged in interstate commerce in the administration of its master and publishing copyrights.

40. Dishant Defendants have taken the master recordings of the Songs, owned and originating with Saregama, placed them on the Dishant website and made the Songs available to the general public for interactive streaming and public performance.

41. Dishant Defendants' website depicts Saregama's name, artwork and logo in connection with the Songs it makes available on the Dishant website which is calculated to induce and deceive members by causing the public to believe that the Dishant website is owned or controlled by plaintiff and/or Saregama, or has been licensed and/or approved by plaintiff and/or Saregama, and that accessing the songs for interactive streaming does not infringe the copyrights of Saregama in the Songs.

42. On a web page on the Dishant website entitled "Disclaimer" Dishant Defendants state as follows:

> "Please respect the copyrights of artists and their licensees. If you want to distribute MP3 works of art, please get permission from the appropriate copyright holders.
>
> *All information contained on this site is copyrighted.*
>
> **Complying with copyright laws**
>
> Musical compositions and sound recordings are creative works that are protected by the copyright laws of the United States (title 17, U.S. Code) and other countries. *Under U.S. law, the owner of a copyright has the exclusive right to (and to authorize others to) reproduce the work, use parts of the work in a new creation, distribute the work in whole or in part, and to publicly display or perform the work (including on web pages and through webcasting). With few exceptions, it is illegal to reproduce, distribute or broadcast a sound recording without the permission of the copyright owner.* It is your responsibility to comply with the copyright laws when you become a webcaster. (Emphasis added.)

10

43. Dishant Defendants have expressly or impliedly represented that Dishant is the origin of the Songs that Dishant is the owner of the copyrights in the Songs and/or is authorized to make the songs available for interactive streaming and public performance.

44. Dishant Defendants' acts violate 15 U.S.C. §1125 as

(a) Dishant Defendants have used in connection with the provision of services a false designation of origin, a false description or representation of fact, including words or other symbols tending to falsely describe or represent the same, and have caused such services to enter into interstate commerce.

(b) Such use is likely to cause confusion as to the affiliation, connection or association of Dishant with Saregama and/or as to the origin of the services and/or the sponsorship or approval of Saregama with the services and/or commercial activities of Dishant.

c) Such use constitutes commercial advertising and/or promotion misrepresenting the nature, characteristics, and qualities of the services provided by Dishant.

WHEREFORE, plaintiff prays for judgment:

a) For a preliminary and permanent injunction, enjoining defendants and all persons acting in concert with them from using the titles of motion pictures and or sound recordings in which Saregama owns the registered marks and or trade names and or Saregama's logos in any unauthorized manner, which is likely to cause confusion, mistake or deception in connection with the distribution, advertising, promotion and sale of Saregama's Songs created and/or distributed by Saregama and administered by plaintiff; and

b) In accordance with 15 U.S.C. § 1117, for all of the Dishant Defendants' profits and any damages sustained by Saregama, together with the costs of the action.

c) In accordance with 15 U.S.C. 1117 Saregama seeks to recover treble damages for the Dishant Defendants' willful infringements under the Lanham Act.

d) For interest on the damages awarded Saregama.

e) For its reasonable attorney's fees and costs.

f) For such other and further relief as the Court deems just and proper.

SAREGAMA INDIA, LTD.

A corporation in the Country of India

By Counsel:
Kirk T. Schroder, Esq. (VSB# 27469)
kschroder@schroderfidlow.com
Ian D. Titley, Esq. (VSB# - 27531)
idt@schroderfidlow.com
Schroder Fidlow & Titley, PLC
1901 East Franklin Street, Suite 107
Richmond, VA 23223
Tel: (804) 225-0505
Fax: (800) 906-7542


ANTHONY MOTTA (AM-1648)
Attorney for Plaintiff
50 Broadway, Suite 2202
New York, New York 10004
Tel: (212) 791-7360
Fax: (212) 791-7468

Not Admitted to the United States District Court for the Eastern District of Virginia - Pro Hac Vice application pending